IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MINDEN PICTURES, INC., | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| TURTLE CREEK NURSERY, INC., | |
| Defendant. | |

Plaintiff Minden Pictures, Inc. ("Plaintiff") sues defendant Turtle Creek Nursery, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in Aptos, California.

2. Defendant is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 2449 E. Rose Street, Owatonna, MN 55060. Defendant's agent for service of process is Eric Cornell, 2449 E. Rose Street, Owatonna, MN 55060.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with Minnesota such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "In construing that section, courts have generally held that a defendant may be 'found' in any district in which personal jurisdiction may be obtained over the defendant." Infogroup Inc. v. Office Depot, No. 8:20CV109, 2020 U.S. Dist. LEXIS 212227, at *16 (D. Neb. Nov. 13, 2020). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).  See also Quality Improvement Consultants v. Williams, No. 02-3994 (JEL/JGL), 2003 U.S.Dist. LEXIS 2705, at *21 – 23 (D. Minn. February 24, 2003).

## FACTS

### I. Plaintiff's Business

6. Plaintiff is recognized as a premier provider of rights managed wildlife and nature stock photography/feature stories.

7. Plaintiff's collection covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions.

8. Plaintiff also features images of human interaction with the natural world highlighting science research, conservation, environmental issues, indigenous peoples, and eco travel.

9. Plaintiff serves as the exclusive licensing agent for the numerous professional photographers whose work Plaintiff represents, including but not limited to the work at issue in

this lawsuit.

**II.     The Work at Issue in this Lawsuit**

10.     Sebastian Kennerknecht is one of many photographers represented by Plaintiff (see https://www.mindenpictures.com/favorites/photographer-portfolios/sebastian-kennerknecht.html).

11.     Mr. Kennerknecht is a wildlife and conservation photographer with over fourteen years of experience visually covering wildlife and international environmental issues, focusing on wild cats.

12.     Mr. Kennerknecht has produced high quality editorial photographs, time-lapses, videos, and web content featured in and by the *New York Times*, *Washington Post*, *BBC Wildlife*, Smithsonian, *The Economist*, *Science*, and Conservation International, among others.

13.     Using highly customized SLR camera traps, along with conventional photographic techniques, Mr. Kennerknecht works closely with field biologists to both effectively and ethically capture photographs of some of the rarest cats on the planet while also highlighting the threats they face.

14.     Working for conservation organizations and on magazine assignments, Mr. Kennerknecht has photographed twenty-three of the forty species of wild felids, in twenty-nine different countries.

15.     In 2012, Mr. Kennerknecht created a professional photograph of a sword fern (Polystichum munitum) at Point Reyes, National Seashore, California titled "00499787.jpg" (the "Work"). A copy of the Work is exhibited below:



16. The Work was registered by Mr. Kennerknecht with the Register of Copyrights on February 10, 2017 and was assigned Registration No. VA 2-054-221. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

17. Mr. Kennerknecht is the owner of the Work and has remained the owner at all times material hereto. For all times relevant to this action, Plaintiff has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the Work. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### III. Defendant's Unlawful Activities

18. Defendant owns and operates a plant nursery business focused on providing high quality plants, products, and services.

19. Defendant advertises/markets its business primarily through its website (https://www.tcnursery.com/) social media (e.g. https://www.facebook.com/TurtleCreekNurseryLandscaping/).

20. On a date after Mr. Kennerknecht's above-referenced copyright registration of the

Work, Defendant published a copy of the Work on its website (at https://www.tcnursery.com/inventory.php?itemCatID=8) in connection with the sale of "Western Queen" sword fern plants:



21. A true and correct copy of screenshots of the foregoing website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

22. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

23. Defendant utilized the Work for commercial use – namely, in connection with the marketing and advertising of its business.

24. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

5

25. Through its ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in January 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of its Work.

## COUNT I – COPYRIGHT INFRINGEMENT

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

27. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

28. Mr. Kennerknecht owns a valid copyright in the Work, having registered the Work with the Register of Copyrights.

29. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Work).

30. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

31. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

32. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

33.  Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright© Turtle Creek Nursery. All right reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that high-end photography is generally paid for and cannot simply be copied from the internet.

34.  Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

35.  Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement

of the Work, which amounts shall be proven at trial.

36. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

37. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

38. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: August 10, 2023                              **BRIOL & BENSON, PLLC**

By:   */s/Scott A. Benson*
Scott A. Benson (#0198419)
Darren B. Schwiebert (#0260642)
3700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel.: 612-756-7777
Email: scott@briollaw.com

*Attorneys for Plaintiff*